UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61067-RAR

POLAR VORTEX, LLC,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY
YHL1700840,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND SUPPORTING MEMORANDUM OF LAW

The Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY YHL1700840, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 Local Rule 56.1 and the Court's Order extending the time to file motions for summary judgment [ECF 25], respectfully files its Motion for Summary Judgment and Supporting Memorandum of Law and moves the Court for entry of summary final judgment in its favor and against the Plaintiff as a matter of law, and as grounds therefor, states as follows:

**Summary Judgment Standard:**

Federal Rule of Civil Procedure 56 provides, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" Fed.R.Civ.P. 56; see also, *Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed.R.Civ.P. 56(a)). The existence of some factual disputes between litigants will not defeat an otherwise properly ground motion for summary judgment; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

(emphasis added). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Federal Rule of Civil Procedure 56 "requires the nonmoving party to go beyond the pleadings and[,] by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted).

Where the nonmoving party has the burden of proof on an element, the moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of her case. See *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991).

**Choice of Law:**

The Court has already ruled that the choice of law provision in the policy is enforceable. ECF 37. The choice of law clause states:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

See Exhibit 1, page 6 of 9.

As such, Federal Admiralty law governs this controversy, and where there is no well-entrenched precedent under Admiralty law, the laws of the State of New York shall apply.

**Plaintiff's Complaint is Time-Barred as a Matter of Law**

The subject policy contains a valid and enforceable limitations period shortening the time to file claims against Underwriters to one year "from the date of the happening or the occurrence

out of which the claim arose." The subject policy was issued to the Plaintiff in the United States Virgin Islands, which statutorily allows an insurer to shorten the time period for bringing suit against the insurer to not less than one year. 22 V.I.C. § 820.

Under New York law, "[a]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable" *Exec. Plaza, LLC v. Peerless Ins. Co.,* 22 N.Y.3d 511, 5 N.E.3d 989 (2014); quoting *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 551, 415 N.Y.S.2d 785, 389 N.E.2d 99 (1979); See also *Brandyce v. Globe & Rutgers Fire Ins. Co.*, 252 N.Y. 69, 168 N.E. 832 (1929); *Sapinkopf v Cunard S.S. Co., Ltd.*, 254 NY 111, 114, 172 NE 259 (1930); *Gilbert Frank Corp. v. Federal Ins. Co.,* 70 N.Y.2d 966, 967–968, 525 N.Y.S.2d 793, 520 N.E.2d 512; *Blitman Constr. Corp. v. Insurance Co. of N. Am.,* 66 N.Y.2d 820, 822, 498 N.Y.S.2d 349, 489 N.E.2d 236; *Brown v. Royal Ins. Co. of Am.,* 210 A.D.2d 279, 279, 620 N.Y.S.2d 399; *D'Angelo v. Allstate Ins. Co.*, 126 A.D.3d 931, 6 N.Y.S.3d 135 (2015).

As such, the contractual limitations period is valid and enforceable.

The contractual limitations period begins from "the date of the happening or occurrence out of which the claim arose" – in this case, Hurricane Irma on September 5-6, 2017. As such, this matter is time-barred as it was not filed within one year of September 6, 2017.

Moreover, all of the purported breaches alleged throughout the Complaint occurred well-over one year before September 29, 2020, when this case was first filed.

In its response in opposition to Defendant's motion to dismiss, Plaintiff argued that two purported breaches tolled the limitations period pursuant to the "continuing violation" doctrine, referencing two events not even alleged in the complaint – an August 17, 2020 renewed tender of abandonment and an August 26, 2020 confirmation of declination of abandonment of the vessel. ECF 11. Construing the facts in the light most favorable to the Plaintiff, the Court found these

two purported events constituted new wrongful acts under the continuing violation doctrine which could toll the limitations period. ECF 27, pg. 10.

However, the two events relied on by the Plaintiff in support of its continuing violation doctrine argument are legal nullities, as Plaintiff could not legally "re-tender" the vessel as a constructive total loss once repairs began. In this instance, repairs commenced two and a half years before the purported "renewed tender" in August 2020.

"Where an insured vessel has not been lost or totally destroyed, but the owner reasonably determines that the cost of repairs exceeds the value of the restored vessel, he may recover the full insured value of the vessel <u>on condition that he promptly tender her to the underwriter</u>, so that the latter may reclaim any residual value." *In re Amended Petition of ALVA S.S. CO*., 1979 U.S. Dist. LEXIS 12178, at *9-10 (S.D.N.Y. May 24, 1979) (emphasis added).

Moreover, "the owner must abandon <u>before the repairs are made</u>." *Norton v. Lexington Fire, Life & Marine Ins. Co*., 16 Ill. 235, 240 (1854) (emphasis added). *See also Dickey V. New York Ins. Co*., 4 Cow. 222, 248 (Where the Supreme Court of Judicature of New York noted that "abandonment should be made before repairs[.]"

When a vessel is characterized as a constructive total loss "the insurer is alerted that the insured seeks recovery for constructive total loss because the insured abandons the boat." *Magnum Marine Corp., N.V. v. Great Am. Ins. Co*., 835 F.2d 265, 267 (11th Cir. 1988). "An insured claiming a constructive total loss must usually abandon or tender abandonment to the insurer of whatever remains of the insured property." *Rock Transp. Props. Corp. v. Hartford Fire Ins. Co.*, 312 F. Supp. 341, 343 (S.D.N.Y. 1970). "Thus, the insurer would have to pay for a constructive total loss if a reasonable probability existed at the time of tender that restoration costs exceeded the boat's value at the time of loss." *Magnum Marine Corp*, 835 F.2d at 267. (emphasis added). The existing facts at the time determine the right to abandon a vessel and "<u>the owner must abandon before the</u>

repairs are made." *Norton v. Lexington Fire, Life & Marine Ins. Co*., 16 Ill. 235, 240 (1854) (emphasis added). *See also Dickey v. New York Ins. Co*., 4 Cow. 222, 248 (1825), 1825 N.Y. LEXIS 69 (Where the Supreme Court of Judicature of New York noted that "it is contended, and with great force, that the abandonment should be made before repairs[.]".

As repairs began on or before February 15, 2018, no events following that date could be considered a new tender of abandonment or rejection of same. As such, the two August 2020 dates referenced by Plaintiff in opposition to the motion to dismiss simply cannot be considered new or continuing violations that could toll the statute of limitations. Even if the Court considers the rejection of Plaintiff's formal tender of abandonment in June 2019, which was also made after repairs began, the Complaint was filed more than one year after said rejection and as such, does not act to toll the limitations period in the policy.

Therefore, all remaining counts in Plaintiff's Complaint are time-barred, and Defendant is entitled to entry of summary judgment in its favor.

**Punitive Damages:**

Plaintiff seeks punitive damages in its prayer for relief in each of the four remaining counts. Whether the Court looks to the general maritime law, or New York law, Plaintiff's prayer for punitive damages fails.

General maritime law does not provide for an award punitive damages for breach of contract, unless the conduct constituting the breach is also a tort for which punitive damages are appropriate. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57 (2d Cir. 1985). Here, Plaintiff has not plead any conduct which would rise to the level of willful, wanton, or reckless misconduct necessary to support a claim for punitive damages under the general maritime law.

Under New York law, a party seeking punitive damages must plead the following elements

to state a claim for punitive damages: 1) defendant's conduct must be actionable as an independent tort; 2) the tortious conduct must be of the egregious nature set forth in *Walker v. Sheldon*, 10 N.Y.2d 401, 404-05 (1961) (listing desecration of a grave, forcible abduction of a minor child, and fraud and deceit as examples of egregious tortious conduct); 3) the egregious conduct must be directed to the plaintiff; and 4) it must be part of a pattern directed at the public generally.  See *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316 (1995) (citing *Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 613 (1994)).

Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights.  *Rocanova v. Equitable Life Assurance Soc'y*, 83 N.Y.2d 603, 613 (1994) (citing *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358)). Only where the breach of contract also involves a fraud evincing a "high degree of moral turpitude" and demonstrating "such wanton dishonesty as to imply a criminal indifference to civil obligations", punitive damages are recoverable if the conduct was "aimed at the public generally." *Id.* (internal citation omitted). Punitive damages are only available where the conduct constituting, accompanying, or associated with the breach of contract is first actionable as an independent tort for which compensatory damages are ordinarily available, and is sufficiently egregious under the *Walker* standard to warrant the additional imposition of exemplary damages. *Id.* Thus, a party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally. *Id*.

In the instant matter, Plaintiff has not plead any of the requisite egregious conduct, much less alleged any such egregious conduct directed to the general public, as is required to sustain a prayer for punitive damages under New York law.  Plaintiff likewise cannot produce any record evidence to support such a claim.

As such, Defendant is entitled to entry of summary judgment as a matter of law in its favor on Plaintiff's prayer for punitive damages.

WHEREFORE, Defendant respectfully moves for entry of summary judgment in its favor and against Plaintiff:

1. Finding that all counts in the Complaint are time-barred;

2. Finding that Plaintiff has failed to plead or support a claim for punitive damages; and

3. For such other relief the Court deems just and proper.

*Respectfully submitted,*

s/Craig P. Liszt
**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF and served on Christopher R. Fertig, Esq., Chris.fertig@fertig.com, and Darlene M. Lidondici, Esq., dml@fertig.com, Fertig & Gramling, 200 Southeast 13th Street, Fort Lauderdale, Florida 33316, Counsel for Plaintiff.

*s/Craig P. Liszt*
**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com