UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61067-RAR

**POLAR VORTEX, LLC**,

    Plaintiff,

v.

**CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY
YHL1700840**,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy YHL1700840's Motion for Summary Judgment ("Motion"), [ECF No. 32]. Defendant argues that Polar Vortex, LLC's case is time-barred and there is insufficient evidence to support punitive damages. *See* Mot. at 2, 5. Plaintiff filed a Response to the Motion ("Response"), [ECF No. 37], which maintains the suit is not time-barred but does not address Defendant's argument regarding punitive damages. Defendant filed a Reply, [ECF No. 42], thereafter. The Court held a hearing on Defendant's Motion on May 3, 2023, [ECF No. 57], and having reviewed the briefs, the record, and applicable law, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED in PART** and **DENIED in PART** as set forth herein.[1]

---

[1] The Court presumes the parties are familiar with the background of this case. *See Polar Vortex, LLC v. Certain Underwriters at Lloyd's, London Subscribing to Pol'y YHL1700840*, No. 22-CV-61067-RAR, 2023 WL 2016832, at *1 (S.D. Fla. Feb. 14, 2023).

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may show the presence or absence of a genuine dispute of material fact by citing "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials." *Id.* R. 56(c). A fact is "material" if it is a legal element of the claim under the applicable substantive law, such that the fact might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A dispute as to a material fact is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.*

## **ANALYSIS**

As explained on the record during the May 3, 2023 hearing, the Court concludes that there are genuine disputes of material fact that may affect the outcome of the case and therefore foreclose summary judgment as to the question of whether the case is time-barred. In its Motion, Defendant argues Plaintiff's entire case is time-barred because the Policy contains a one-year limitations period. Mot. at 2–5. Defendant posits that the one-year limitations period began on June 17, 2019 when Plaintiff provided Defendant a formal Notice of Tender of Abandonment and Sworn Proof of Loss. *See* [ECF No. 57]. Thus, according to Defendant, Plaintiff needed to file suit by June 17, 2020. *Id.* Because the suit was filed on September 29, 2020, Defendant argues that the case is time-barred. *Id.*

There are at least two factual issues for which Defendant has not met its burden under Rule 56 to show there is no genuine dispute: (1) whether Plaintiff, the insured, ever elected to repair the Polar Vortex beyond simply salvaging the vessel; and (2) whether Defendant, the insurer,

continued to adjust Plaintiff's claim after Plaintiff first tendered notice of abandonment on June 17, 2019, thereby extending the limitations period for Plaintiff to bring suit. Because the factual questions surrounding these two issues permeate all remaining counts of the Complaint, the Court must deny the Motion's time-bar arguments as to all counts.

First, Plaintiff argues in response to the Motion that after the Polar Vortex vessel was damaged during Hurricane Irma, Plaintiff never "elected" to proceed with repairs; rather the repairs were made at the direction of Defendant. *See* [ECF No. 57]. If this is correct, then Plaintiff argues its second Notice of Tender on August 17, 2020 is not a legal nullity as Defendant avers. *Id.* Plaintiff points to record evidence showing that Defendant told Plaintiff that the vessel was not a total loss and that Plaintiff's only option was to repair the vessel. Resp. at 6 (citing Drangula Deposition ("Dep.") at 187:1–5). Moreover, Plaintiff brought the vessel to Fort Lauderdale for repairs at Defendant's instruction. *Id.* Plaintiff also states it was never advised as to the process to declare the vessel a loss, notwithstanding a January 2018 email inquiry from Plaintiff to Defendant as to when or at what point the vessel will be declared a total loss. *Id.* (citing Drangula Dep. at 187:1–11; Siegle Dep. at 187:1–5). Defendant has not met its burden to show there are no questions of material fact on this issue. Accordingly, the Court cannot rule as a matter of law that Plaintiff elected to continue repairs and the August 17, 2020 Notice of Tender is therefore a legal nullity.

Second, Plaintiff argues that after it provided its first Notice of Tender on June 17, 2019, Defendant continued to adjust Plaintiff's claim and therefore, continued to owe a duty of good faith and fair dealing to Plaintiff. Plaintiff argues that Defendant owed a duty to Plaintiff through August 17, 2020, when Plaintiff issued a second Notice of Tender, which Defendant denied on August 26, 2020. Defendant argued at the Hearing that it did not continue to adjust Plaintiff's

claim after May 2019. *See* [ECF No. 57]. In so arguing, Defendant asks the Court to disregard deposition testimony from Defendant's own representative to the contrary. *See, e.g.*, Siegle Dep. at 126:5–13 ("Q. And going back on your chronology, is it the position of Underwrites that three years after the September 6, 2017 loss, the claim was still being addressed by Underwriters? A. I believe so, yes. I believe – I believe we were – you know, at that stage, we were still trying to finalize the correct amount due under the policy, and it was difficult to get that final sum and agree on that sum."); *id.* at 126:21–127:6 (Q. So the claim was under – still under consideration on September 29, 2020 when the complaint was filed? A. I believe so, because we have to also remind ourselves of the various delays along the way. Not the least due to, obviously, the design defect, but also things like the insured wanted to repaint the boat a different color and then wanting to change the gelcoat and paint again. So things that were rightfully for the owner's own account, it delayed the whole process."). While Defendant argued at the Hearing that this was simply the witness's subjective opinion, at the summary judgment stage, the Court is not in a position to weigh the evidence or make a determination as to credibility. Given the record evidence, Defendant has failed to meet its burden to show there is no genuine dispute of material fact as to whether Defendant continued to owe a duty of good faith and fair dealing through August 2020.

However, the Court grants Defendant's Motion with respect to punitive damages. Plaintiff agreed on the record that as the evidence stands, there is insufficient evidence to support an award of punitive damages, [ECF No. 57], and Plaintiff failed to address the argument in its Response. *See generally*, Resp. Accordingly, Defendant is entitled to the entry of summary judgment as a matter of law in its favor on Plaintiff's prayer for punitive damages.

## **CONCLUSION**

Based on the foregoing, and having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, [ECF No. 32], is **GRANTED in PART** and **DENIED in PART**.

2. Plaintiff's demand for punitive damages is **DISMISSED** *without prejudice*.

3. The Motion for Summary Judgment is **DENIED** in all other respects.

**DONE AND ORDERED** in Miami, Florida, this 4th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**